CLIFFORD STEWART, alias SLIM STEWART, *Plaintiff in Error,* vs. STATE OF FLORIDA, *Defendant in Error.*

143 So. 440.

Division A.

Opinion filed October 3, 1932.

*Roger Edward Davis,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, J.—Clifford Stewart, alias Slim Stewart, was convicted in the Criminal Court of Record for Dade County upon an information charging in the second count the offense of an assault upon Mrs. J. E. Vice with intent to rob and steal from her person money, goods and chattels; that he committed such assault with such intent while armed with a dangerous weapon, a pistol, and with such intent to rob her to put her in "bodily fear and danger of her life" and with intent if resisted by her to "maim and kill her."

There was no attack upon the information. It contained two counts. The first charged an assault with a deadly weapon upon J. E. Vice with a premeditated design to effect his death. The second charged the offense as stated above.

There were many assignments of error, several of them resting upon the order overruling a motion for a new

trial, several grounds of which attacked the evidence as being insufficient to support the verdict. A discussion of the evidence we deem to be unnecessary. It is sufficient to say that there is nothing in it which consists entirely of the testimony of witnesses to establish the charge of an assault upon Mrs. Vice or that the purpose of the activities of the accused was to commit robbery.

Assuming that the identity of the accused was established, and we say nothing as to the sufficiency of the evidence in that regard, he knocked at the door of the Vice residence the night of the alleged crime about eight-thirty o'clock or later. Mrs. Vice answered the alarm and asked who was there. The accused, supposing the pretended caller was he, replied that "It is the law, open up!", but Mrs. Vice closed the door, whereupon the accused said "All right, boys, go in." Then, according to Mrs. Vice, someone cut the screen of the dining room window and fired into the room. After that Mr. and Mrs. Vice fired from the inside. While there was much more testimony of witnesses, there was nothing more relating to the merits of the case.

While the evidence may have been sufficient to sustain the charge made by the first count, it was wholly insufficient to sustain the second count.

It cannot be assumed that because the defendant applied for admission to the house and was denied and then someone cut the screen to the dining room window and fired a pistol at Mr. Vice, who was in that room, that the person who applied at the door for admission to the house therefore made an assault upon Mrs. Vice with a dangerous weapon to rob her of money or other property intending to kill her if she resisted.

The court erred in denying the motion for a new trial.

The judgment is therefore reversed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.